# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES A. SCHOOLER,                          :

      Petitioner,                          :          Case No. 3:05CV259

 vs.                                        :          District Judge Thomas M. Rose
                                                        Magistrate Judge Sharon L. Ovington
JAMES ERWIN, Warden,                        :
Pickaway Correctional Institution,
                                            :
      Respondent.                          :

                                            :

---

# REPORT AND RECOMMENDATIONS[1]

---

## I.    INTRODUCTION

Petitioner James A. Schooler, an inmate at the Pickaway Correctional Institution in Orient, Ohio, brings this case *pro se* seeking Writ of Habeas Corpus under 28 U.S.C. §2254.  The case is before the Court upon Schooler's Habeas Corpus Petition (Doc. #1), Respondent's Answer/Return Of Writ And Supporting Exhibits (Doc. #4), Schooler's Answer Contra To Respondent's Answer And Supporting Exhibits (Doc. #6), and the record as a whole.

## II.   BACKGROUND

### A.    State Court Proceedings

Schooler was first indicted in state court on one count of manufacturing drugs (crack cocaine).  (Doc. #4, Exhibit 1).  In June 2003, following a hearing, the trial court denied Schooler's

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Motion to Suppress, finding that he "knowingly, intelligently, and voluntarily gave upon his *Miranda* rights before making incriminating statements to Detective Duncan."[2]  (Doc. #4, Exh. 4 at 5).

In August 2003 a grand jury re-indicted Schooler on numerous charges.  The newly indicted charges again included one count of manufacturing drugs (crack cocaine) but also included the following charges: two counts of possession of criminal tools, two counts of possession of cocaine (less than one gram of crack cocaine), one count of possession of cocaine (100 grams, but less than 500 grams of other than crack cocaine), one count of possession of cocaine (one gram by less than five grams of crack cocaine), one count of having a weapon while under a disability, and one count of possession of drugs included in Schedules III, IV, and V.  (Doc. #4, Exh. 5).

On August 29, 2003, Schooler, represented by an attorney, pled no contest to one count of illegally manufacturing drugs (crack cocaine).  (Doc. #4, Exh. 7).  After accepting the terms of Schooler's plea agreement with prosecutors, the trial court found Schooler guilty of this offense and dismissed the remaining charges contained in the August 2003 indictment.  (Doc. #4, Exh. 7 at 2).

The trial court sentenced Schooler to a five-year term of imprisonment to be served concurrently with a one-year sentence imposed upon him in another case.  (Doc. #4, Exh. 8; *see* Doc. #1 at 1).

Schooler – represented by new counsel – filed a timely direct appeal in the Ohio Court of Appeals raising a single assignment of error:

> Appellant was deprived of his constitutional right to freedom from self-incrimination, and consequently, his statements should have been suppressed from use at trial.

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

(Doc. #4, Exh. 9 at 2).  On June 30, 2004, the Ohio Court of Appeals overruled this assignment of error, finding it without merit, and affirmed Schooler's conviction.  (Doc. #4, Exh. 12); *see State of Ohio v. James A. Schooler*, unpublished op., 2004 WL 1506156 (Ohio Ct. App., June 30, 2004).

Schooler did not file a timely appeal in the Ohio Supreme Court.  On August 31, 2004, Schooler filed a Motion for Delayed Appeal in the Ohio Supreme Court.  (Doc. #4 at 5).  In October 2004 the Ohio Supreme Court denied Schooler's Motion without explanation.  (Doc. #4, Exh. 13).

Meanwhile, on September 23, 2004, Schooler had filed in the Ohio Court of Appeals an Application to Reopen Appeal under Ohio R. App. P. 26(B).[3]  (Doc. #4, Exh. 14).  Schooler argued in his Rule 26(B) Application that his appellate counsel provided ineffective assistance under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  (Doc. 4, Exh. 14).  On December 15, 2004, the Ohio Court of Appeals denied Schooler's Application.  (Doc. #4, Exh. 15).  Respondent states that Schooler did not file an appeal to the Ohio Supreme Court.  (Doc. #4 at 5).

Schooler explains that he filed a Memorandum in Support of Jurisdiction in the Ohio Supreme Court on January 24, 2005. (Doc. #6 at 2).  A letter, dated January 24, 2005, received by Schooler from the Clerk of the Ohio Supreme Court states:

> The enclosed documents were not filed and are being returned to you because they do not meet the requirements of the Rules of Practice of the Supreme Court of Ohio.  The specific area of noncompliance and the relevant rules are as follows:
>
> ☒       You did not submit the notice of appeal required by Rule II, Section 2(A)(1), for instituting an appeal with the Supreme Court.

(Doc. #6, Exhibits attached).  Schooler acknowledges that his "filing was not complete and petitioner inadvertently failed to include a Notice of Appeal with the Memorandum in Support of

---

[3]  This Application was timely because it was filed within ninety days of the Court of Appeals journalization of the judgment dismissing Schooler's direct appeal.  *See* Ohio R. App. P. 26(B).

Jurisdiction." (Doc. #6 at 3). He further maintains, " The Respondent['s] argument that the Petitioner did not file a notice of appeal in the Ohio Supreme Court is somewhat misleading. Petitioner's pro se filing, unrepresented by counsel, contained only the Memorandum of Jurisdiction and failed to include the notice of appeal." (Doc. #6 at 3).[4]

### B. Schooler's Federal Habeas Petition

Schooler's Habeas Petition in the present case raises the following claims of ineffective assistance of trial and appellate counsel:

> **GROUND ONE**: Ineffective assistance of counsel – duty to advocate and to keep Defendant informed of important trial matters, Duty of Skill.
>
> **Supporting Facts**: Defendant Schooler was denied the effective assistance of counsel as delineated under *Strickland v. Washington*. Defense counsel failed to investigate alibi evidence and other important trial defense evidence. Counsel failed to investigate the facts of the police interview which was unconstitutional and should have been omitted as evidence. Appellate counsel was also ineffective.... Information provided during police interview was not voluntary and did not contain any element of reliability due to the fact that the Defendant was under heavy influence of drugs and alcohol. The interviewing officer reported that the Defendant was not able to write his statement. Trial counsel failed to identify the importance of this information and defend the defendant from the unconstitutional interview....

(Doc. #1 at 4).

## III. ANALYSIS

### A. The Parties' Contentions

Respondent contends that Schooler's failure to raise his claim of ineffective assistance of trial counsel during his direct appeal constitutes a procedural default, for which he cannot show cause or prejudice. Respondent generally acknowledges that ineffective assistance of appellate

---

[4] Schooler has also attached a copy of his Memorandum in Support of Jurisdiction to this Habeas Corpus Petition. (Doc. #1, attached Exhibit).

4

counsel can constitute cause for a procedural default, but asserts that it does not in Schooler's case. Respondent argues that although Schooler raised his ineffective assistance of trial counsel claim in the Ohio Court of Appeals by way of his Rule 26(B) Application, he committed a procedural default by failing to challenge the Court of Appeals' denial of this Application by filing a timely appeal in the Ohio Supreme Court.  In these circumstances, according to Respondent, Schooler's claim of ineffective assistance of appellate counsel is itself procedurally defaulted and thus cannot constitute cause for his defaulted ineffective assistance of trial counsel claims.

Schooler contends, "he did in fact file a memorandum in support of jurisdiction to the Ohio Supreme Court stemming from his denial of the Appellate Rule 26(B) motion.  Petitioner admits only that he failed to attach a Notice of Appeal with the Memorandum in Support of Jurisdiction. This failure was totally inadvertent and should not distinguish his right to have his constitutional issues reviewed in the federal court...."  (Doc. #6 at 6).  Schooler further points out that he was unrepresented by counsel during his Rule 26(B) proceedings and that he "effectively presented his claims to the Highest state court and made a good faith effort to comply with state rules."  (Doc. #6 at 6).  He also states that cause exists to excuse his procedural defaults because the Ohio Supreme Court's decision not to afford him the opportunity to correct his procedural mistake was an objective factor external to him that barred his ability to obtain relief.  He points out that once he was made aware of his procedural mistake, "the time necessary to correct the filing error was not sufficient for an incarcerated inmate...."  (Doc. #6 at 8).

### B.    Procedural Default and Waiver

"Federal courts can only consider on habeas review claims that a petitioner has first raised before the state courts." *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002).  "When a habeas petitioner

fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise

that claim before the state courts while state-court remedies are still available or due to a state

procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that

claim is procedurally defaulted and may not be considered by the federal court on habeas review."

*Broom v. Mitchell*, ___ F.3d ___, ___, 2006 WL 664438 at *5 (6th Cir. 2006) (quoting *Seymour v.*

*Walker,* 224 F.3d 542, 549-50 (6th Cir. 2000)(other citation omitted).

       One way a petitioner in Ohio may procedurally default is by application of the doctrine of

*res judicata*.  In Ohio, *res judicata* bars review of claims that a petitioner has failed to raise on direct

appeal claims appearing on the face of the trial record.  *Williams v. Bagley*, 380 F.3d 932, 967 (6th

Cir. 2004); *see Seymour*, 224 F.3d at 555 (citing *State v. Perry*, 10 Ohio St.2d 175 (1967)).

       In Schooler's case, to avoid being barred by *res judicata*, Ohio procedural law required him

to raise his claim of ineffective assistance of trial counsel during his direct appeal to the extent this

claim rested on grounds appearing in the trial record.  *Seymour*, 224 F.3d at 555 (citing *State v. Cole*,

2 Ohio St.3d 112 (1982)).  To the extent Schooler based this claim on allegations outside the trial

record – such as trial counsel's alleged failure to investigate alibi evidence, *see* Doc. #1 at 5 – Ohio

procedural law required Schooler to raise this claim in a timely Petition for Postconviction Relief

in the trial court under Ohio Rev. Code 2953.21.  *Seymour*, 224 F.3d at 555; *see White v. Mitchell*,

431 F.3d 517, 527 (6th Cir. 2005)("The Ohio Court of Appeals has found that a petitioner may

properly bring a claim in post-conviction proceedings where he asserts evidence outside the original

trial record.  *State v. Gibson,* 69 Ohio App.2d 91 ... (1980)").

       To properly raise his claim of ineffective assistance of appellate counsel, Ohio law required

Schooler to file an Application to Reopen Direct Appeal under Ohio R. App. P. 26.  *Lopez v. Wilson*,

426 F.3d 339, 342-43 (6th Cir. 2005)(*en banc*); *see Morgan v. Eads*, 104 Ohio St.3d 142, 143-44 (2004).

Regardless of the avenue of appeal Schooler took, he was required to give the Ohio courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004)(quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)).  Thus, to obtain federal habeas review, Schooler was required to raise his claims in both the Ohio Court of Appeals and the Ohio Supreme Court.  *Williams*, 380 F.3d at 967; *see Stanford v. Parker* 266 F.3d 442, 451 (6th Cir. 2001); *see also Lewis v. Randle*, 36 Fed. Appx. 817, 819 (6th Cir. 2002)("We agree with the district court that Lewis procedurally defaulted his claim by failing to present it to the Ohio Supreme Court.").

Only two limited situations excuse a procedural default:  (1) if a petitioner shows cause and prejudice or (2) if the petitioner shows a fundamental miscarriage of justice will result from the failure to consider the merits of the claims.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Monzo v. Edwards*, 281 F.3d 568, 575 (6th Cir. 2002).

C.    **Analysis**

**1.**
**Procedural Default – Ineffective Assistance of Trial Counsel**

Schooler committed a procedural default by not raising his claim of ineffective assistance of trial counsel on his direct appeal to the Ohio Court of Appeals to the extent these claims appeared on the trial record.  *See Williams*, 380 F.3d at 967.  This was a procedural default under Ohio's doctrine of *res judicata*.  *Id*.

Because it also appears that some of Schooler's claim may raise issues beyond the trial

record – for example, his trial counsel's failure to investigate alibi evidence, *see* Doc. #1 at 5 – Schooler could have raised these grounds for ineffective assistance of trial counsel in a Petition for Postconviction Relief under Ohio Rev. Code §2953.21.  Because Schooler did not file a timely – or any – §2953.21 Petition raising these issues of ineffective assistance of counsel, he committed a procedural default.  *See Broom v. Mitchell*, __ F.3d __, 2006 WL 664438 at *5 (6th Cir. 2006) ("Broom was entitled to raise his *Brady* claim in the Ohio state courts pursuant to Ohio Revised Code §2953.21(A)(1)(a), and because he did not do so, the claim is procedurally defaulted."); *see Seymour*, 224 F.3d at 549-50.

Schooler also committed a procedural default with regard to his claim of ineffective assistance of trial counsel by not filing a timely direct appeal, or otherwise raising them, in the Ohio Supreme Court, even though he filed an unsuccessful Motion for Delayed Appeal.  This is the same procedural default presented in *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), where the United States Court of Appeals for the Sixth Circuit identified the procedural default as follows:

> Bonilla failed to file a timely notice of appeal with the Ohio Supreme Court and his motion for leave to file a delayed appeal was denied by that court apparently because he failed to demonstrate adequate reasons for his failure to file a timely notice of appeal or to otherwise comply with the provisions of Ohio Sup. Ct. R. II, Section 2(A)(4).  Where a state court is entirely silent as to its reasons for denying requested relief, we assume that the state court would have enforced any applicable procedural bar.  *Simpson v. Sparkman*, 94 F.3d 199 203 (6th Cir. 1996).

*Bonilla*, 370 F.3d at 497.  Because Schooler committed the same procedural default in the Ohio Supreme Court as the petitioner in *Bonilla*, he committed a procedural default with regard to his ineffective assistance of trial counsel claims.  *Bonilla*, 370 F.3d at 497-98.

**2.**

8

## **Procedural Default – Ineffective Assistance of Appellate Counsel**

Schooler's claim of ineffective assistance of appellate counsel might constitute cause for his procedural defaults. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). However, before he can use his appellate counsel's ineffectiveness as a basis for excusing procedural defaults, he must show that he properly litigated this claim in the Ohio courts under Ohio procedural law. *Edwards*, 529 U.S. at 451-52. If his ineffective assistance of counsel claim was itself procedurally defaulted, then it cannot excuse procedural defaults of other claims. *Edwards*, 529 U.S. at 451-52.

Although Schooler filed a timely Rule 26(B) Application in the Ohio Court of Appeals, after that Court dismissed his Rule 26(B) Application, he did not file a timely appeal in the Ohio Supreme Court. This constituted a procedural default because Schooler did not provide the Ohio courts including the Ohio Supreme Court with an opportunity to address this claim under its normal appellate review process. *Williams*, 380 F.3d at 967; *see Stanford*, 266 F.3d at 451; *see also Lewis*, 36 Fed. Appx. at 819.

It is undisputed that Schooler attempted to file a timely appeal in the Ohio Supreme Court because he acknowledges that he "inadvertently failed to submit a Notice of Appeal with the Memorandum in Support of Jurisdiction." (Doc. #6 at 3 and Appendix). By the time he was made aware of this mistake, insufficient time remained for him to file a timely appeal in the Ohio Supreme Court. *See* Doc. #6 at 3.

Neither the fact of Schooler's incarceration nor his *pro se* status nor his lack of knowledge about the Ohio Supreme Court's procedural requirements constitute cause for his procedural default. *See Bonilla*, 370 F.3d at 498.

9

Because Schooler's claim of ineffective assistance of appellate counsel is itself procedurally defaulted, this claim does not constitute cause for his procedurally defaulted ineffective assistance of trial counsel claims. *See Edwards*,529 U.S. at 451-52.

Accordingly, Schooler has waived federal habeas review of the claims raised in his petition unless he shows that a fundamental miscarriage of justice will result from the failure to consider his claims on the merits. *See Coleman*, 501 U.S. at 750.

**3.**
**Miscarriage of Justice**

Schooler contends that he "is factually innocent of the crimes for which he is charged." (Doc. #6 at 12).

"The 'fundamental miscarriage of justice' test is met only in the 'extraordinary case' where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Hargrave-Thomas v. Yukins* 374 F.3d 383, 389 (6th Cir. 2004) (quoting in part *Carrier,* 477 U.S. at 496)). "The 'fundamental miscarriage of justice' gateway is open to a petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'... 'To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror [or finder of fact] would have convicted him in light of the new evidence.'" *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004)(internal citations omitted).

Schooler does not offer any explanation or evidence in support of his claim to actual, factual innocense. In the decision denying Schooler's Motion to Suppress, the trial judge noted that after Schooler signed a form indicating he wished to waive his Fourth Amendment rights, he "made statements regarding his involvement with drug possession and manufacturing. Schooler

10

stated that both M_____ and himself had been cooking crack for a few days...."  (Doc. #4, Exh. 4 at 3).  In the present case, Schooler has not provided any evidence contrary to these statements. He has therefore not presented a colorable claim of actual innocence.

Accordingly, this is not the extraordinary case where a convicted defendant has shown his actual innocense.  Consequently, the fundamental miscarriage of justice exception does not excuse Schooler's procedural defaults.

## IV.    CERTIFICATE OF APPEALABILITY

Before Schooler may appeal a denial of his habeas petition, he must first obtain a certificate of appealability.  28 U.S.C. §2253(c)(1)(A).  To obtain a certificate of appealability when a habeas petition is denied on the merits, the petitioner must make a substantial showing of the denial of a constitutional right.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This is accomplished by showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

If the District Court dismisses the petition on procedural grounds without reaching the merits of the constitutional claims, the petitioner must show that jurists of reason would find it debatable whether the District Court is correct in its procedural ruling.  *Slack*, 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485 (citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)(Brandeis, J., concurring)).

The conclusions that Schooler has waived his claims for purposes of federal habeas

corpus review due to his procedural defaults, that he has not shown cause for his procedural

defaults, and he has not made a colorable showing of actual innocense are not debatable by

jurists of reason.  Schooler's Petition and contentions do not otherwise present issues adequate to

deserve encouragement to proceed further.  Consequently, a certificate of appealability should

not issue.

## IT IS THEREFORE RECOMMENDED THAT:

1.      James A. Schooler's Petition for Writ of Habeas Corpus (Doc. #1) be DENIED
        and DISMISSED;

2.      A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

3.      The case be terminated on the docket of this Court.


March 31, 2006

                                    _____s/ Sharon L. Ovington_____
                                          Sharon L. Ovington
                                    United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

13